UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARRILLE STEPHON JORDAN,

        Petitioner,        Case No. 2:21-cv-12565

v.

                              PAUL D. BORMAN

BECKY CARL,                  UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING (ECF No. 3), SUMMARILY DISMISSING THE HABEAS PETITION (ECF No. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Carrille Stephon Jordan, a state prisoner incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* habeas corpus petition (ECF No. 1) and a motion for equitable tolling of the statute of limitations (ECF No. 3). The habeas petition challenges Petitioner's Wayne County, Michigan convictions for murder, armed robbery, home invasion, and possession of a firearm during the commission of a felony ("felony firearm"). Although Petitioner concedes that his habeas petition is untimely, he seeks equitable tolling of the limitations period on the basis that the coronavirus known as COVID-19 spread throughout the prison where he is confined in 2020 and that the prison law

library was closed as a result. Petitioner asserts that this restriction impeded his ability to complete the documents that were needed to file a timely habeas petition.

Petitioner's convictions became final in May 2020, and the habeas statute of limitations expired one year later, in May 2021. Petitioner filed his habeas corpus petition more than five months later, on October 22, 2021. His lack of access to a law library and his vague allegations about the impact of COVID-19 on his ability to file a timely habeas petition are insufficient grounds for tolling the habeas statute of limitations. Accordingly, the Court is denying Petitioner's motion for equitable tolling and dismissing his habeas petition as untimely.

## I. BACKGROUND

Petitioner alleges that, following a jury trial in 2018, the jury found him guilty of two counts of felony murder, Mich. Comp. Laws § 750.316(1)(b), two counts of armed robbery, Mich. Comp. Laws § 750.529, one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and one count of felony firearm, Mich. Comp. Laws § 750.227b. Pet. (ECF No. 1, PgID 1-2); *see also People v. Jordan*, No. 342997, 2019 WL 4553472, at *1 (Mich. Ct. App. Sept. 19, 2019). The trial court sentenced Petitioner to concurrent terms of life imprisonment without parole for each murder, 18 to 40 years in prison for each armed robbery, and 6 to 20 years in prison for the home invasion. *Jordan*, 2019 WL 4553472, at *1. The court sentenced Petitioner to a consecutive term of two years in prison for

2

the felony-firearm conviction. *Id*. The Michigan Court of Appeals affirmed Petitioner's convictions on September 19, 2019, *see id*., and the Michigan Supreme Court denied leave to appeal on February 4, 2020. *See People v. Jordan*, 505 Mich. 978 (2020).

Petitioner signed his habeas petition on October 22, 2021, and it was postmarked on the same day. *See* Pet. (ECF No. 1, PgID 47, 54). His grounds for relief are: (1) his trial attorney was ineffective for failing to request a jury instruction on voluntary manslaughter as a lesser offense of felony murder; (2) the jury's verdict on the two counts of felony murder was against the great weight of the evidence, and the evidence was insufficient to sustain his convictions for felony murder; (3) his trial attorney was ineffective for failing to request jury instructions on third-degree home invasion, breaking and entering without permission, or entering without breaking, but with intent to commit a larceny, as lesser-included offenses of first-degree home invasion; and (4) the jury's verdict on the two counts of armed robbery and felony firearm was against the great weight of the evidence, and the evidence was insufficient to convict him of those crimes. *Id*. at PgID 5-10, 27-46.

In his motion for equitable tolling, Petitioner acknowledges that the one-year statute of limitations for habeas petitions found in 28 U.S.C. § 2244(d)(1) applies to his case. *See* Mot. (ECF No. 3, PgID 57, ¶ 1). Petitioner also concedes that he

3

missed the statutory deadline for his habeas petition. *Id*. at PgID 59, ¶ 10. He alleges, however, that nearly half of Michigan's prisons were considered "outbreak sites" for COVID-19 from November 20, 2020, until approximately April 20, 2021, and that many prisons restricted access to, or closed, their libraries. *Id*. at PgID 59-60, ¶¶ 11-12. He contends that, after the St. Louis Correctional Facility closed its law library, his ability to research his case and pursue his legal claims was hindered. *Id*. at PgID 60, ¶ 13. He wants the Court to grant his request for equitable tolling and allow him to proceed with his case.

Petitioner makes similar allegations in an affidavit that he submitted with his habeas petition and motion. *See* Affidavit (ECF No. 4). He alleges that COVID-19 spread through the St. Louis Correctional Facility in 2020 and that the prison was forced to close its educational building, which includes the law library. *Id.* at PgID 61, ¶¶ 2-3. He says that these restrictions impeded his ability to complete the necessary documents for filing his habeas petition in a timely manner. *Id*., ¶ 3.

## II. DISCUSSION

The question here is whether the Court is precluded from reviewing Petitioner's grounds for relief on the merits due his failure to comply with the one-year statute of limitations for habeas petitions. Although the statute of limitations is aligned with other affirmative defenses to habeas petitions, *Day v. McDonough*,

4

547 U.S. 198, 208 (2006), federal district courts may "consider, *sua sponte,* the timeliness of a state prisoner's habeas petition." *Id*. at 209.

Before acting on its own initiative, a court must accord a party fair notice and an opportunity to present his or her position. *Id.* at 210. But Petitioner himself raised the statute-of-limitations issue when he (i) conceded that his habeas petition was late, (ii) requested equitable tolling of the limitations period, and (iii) explained why he thought he was entitled to equitable tolling. The Court, therefore, proceeds with its analysis of the statute-of-limitations issue.

### A.  The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi*, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); *Sexton v. Wainwright*, 968 F.3d 607, 609-10 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1064 (2021). The one-year limitation period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The limitations period is tolled while a properly filed application for State post-conviction review is pending.  28 U.S.C. § 2244(d)(2).

Petitioner is not relying on a newly recognized constitutional right or on a new factual predicate, and he has not alleged that the State created an unconstitutional impediment to filing a timely habeas petition in federal court.  *Cf.* 28 U.S.C. §§ 2244(d)(1)(B)–(D).  Therefore, his convictions became final at the conclusion of direct review.

Under § 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted.  *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" — when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for a writ of certiorari to review a judgment entered by a state court of last resort must be filed no later than 90 days after entry of the judgment. Sup. Ct. R. 13.1.

Petitioner's convictions became final on May 5, 2020, ninety days after the Michigan Supreme Court denied leave to appeal on direct appeal, because the time for pursuing direct review in the United States Supreme Court expired then. The statute of limitations began to run on the following day, *see* Fed. R. Civ. P. 6(a)(1)(A); *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002), and it ran uninterrupted for one year. The limitations period expired on May 5, 2021. Petitioner filed his habeas corpus petition more than five months later, on October 22, 2021.

### B. Equitable Tolling

Petitioner concedes that his habeas petition is untimely. However, he seeks equitable tolling of the limitations period due to restrictions allegedly placed on his use of the prison law library during outbreaks of COVID-19 in the St. Louis Correctional Facility.

AEDPA's statutory limitations period "is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), but "federal courts sparingly bestow equitable tolling," *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). The Supreme

7

Court, moreover, has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Nassiri v. Mackie*, 967 F.3d 544, 549 (6th Cir. 2020) (explaining the same standard).

Petitioner has not alleged what efforts, if any, he made to pursue his rights after the Michigan Supreme Court denied leave to appeal on February 4, 2020. Nor has he shown that some extraordinary circumstance stood in his way of filing a timely habeas petition. He merely alleges that he was denied access to a law library sometime in 2020 or 2021, when state officials closed the law library at the St. Louis Correctional Facility, and that closing the law library hindered his ability to research cases and pursue his legal claims.

"[R]estricted access to [a] law library is not per se denial of access to the courts," *Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978), and a habeas petitioner's *pro se* status and limited access to a law library are not enough to warrant equitable tolling of AEDPA's limitations period. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011); *see also Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (unpublished decision acknowledging that a lack of access to legal materials

8

is not an exceptional circumstance warranting equitable tolling, especially when "a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition"); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D. N.Y. 2002) (stating that "lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances").

Furthermore, although the COVID-19 pandemic was an extraordinary circumstance, it "does not automatically warrant equitable tolling for a petitioner who seeks it on that basis." *United States v. West*, __ F. Supp. 3d __, __, No. 4:18-CR-737, 2022 WL 44670, at *4 (N.D. Ohio Jan. 5, 2022) (quoting *United States v. Henry*, No. 2:17-cr-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020)). To warrant equitable tolling, "[t]he petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion" or petition. *Id.* (quoting *Henry*, 2020 WL 7332657, at *4) (emphasis in original)).

Petitioner has not demonstrated that he was pursuing his rights diligently, and his "vague and generalized contentions do not begin to demonstrate that the impact of the COVID-19 pandemic interfered with his ability to file a timely [petition]." *Id*. He is raising the same claims that he presented to the Michigan Court of Appeals, and the Michigan Supreme Court denied leave to appeal on

9

February 4, 2020. This was before the pandemic began in March 2020, *see id*., and according to Petitioner, many Michigan prisons were considered COVID-19 "outbreak sites" from November 20, 2020, until approximately April 20, 2021. Mot. (ECF No. 3, PgID 59, ¶ 11.

Petitioner should have been able to complete and mail his habeas petition to the Court sometime before the statute of limitations expired on May 5, 2021.

Even if he were unable to perfect his brief, he could have submitted a completed form for the writ of habeas corpus and asked the Court for a brief stay of the federal proceeding until he could submit his supporting brief.

The Court concludes that Petitioner is not entitled to equitable tolling of the limitations period. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys,* 209 F.3d at 561.

### C. Actual Innocence

The Supreme Court has determined that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to considering the merits of a petitioner's constitutional claims is expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "[t]o be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner alleges that the evidence at trial was insufficient to support his convictions, but he has not presented the Court with any new and credible evidence of actual innocence. Therefore, he is not entitled to pass through the "actual innocence" gateway and have his claims heard on the merits.

### III.  CONCLUSION AND ORDER

"Deadlines matter, especially in habeas cases[,]" *Simmons v. United States*, 974 F.3d 791,793 (6th Cir. 2020), *cert denied*, 142 S. Ct. 23 (2021), and Petitioner filed his habeas petition after the one-year deadline expired for filing his petition. He has not shown that he was diligent in pursuing his claims, and that COVID-19 was an extraordinary circumstance which prevented him from filing a timely petition. He also has not asserted a claim of actual innocence based on new and credible evidence. The Court, therefore, is precluded from reviewing the substantive merits of Petitioner's grounds for relief.

**IT IS ORDERED** that Petitioner's motion for equitable tolling (ECF No. 3) is **DENIED**, and his habeas corpus petition (ECF No. 1) is **DISMISSED** with prejudice for failure to comply with the applicable statute of limitations.

The Court **DECLINES** to issue a certificate of appealability, because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court nevertheless **GRANTS** leave to proceed *in forma pauperis* on appeal if Petitioner appeals this decision, because the Court allowed him to proceed as pauper in this Court, *see* ECF No. 5, and an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

**IT IS SO ORDERED**.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
Dated: July 28, 2022                 UNITED STATES DISTRICT JUDGE